Exhibit A

True and correct copies of pleadings, motions, process, complaint and orders involved in

Case No. 2CPC-20-0000237.

**Page**

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
20-MAY-2020
03:15 PM

DEPARTMENT OF THE PROSECUTING ATTORNEY   207

LEWIS W. LITTLEPAGE   9091
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii   96793
Tel. No. 270-7688
Fax. No. 270-8001
Email:  Lewis.Littlepage@co.maui.hi.us

Attorney for the State of Hawaii

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| STATE OF HAWAII | ) CASE ID. _____ |
| | ) COUNT ONE:  BURGLARY IN THE |
| v. | ) FIRST DEGREE |
| | ) COUNT TWO:  THEFT IN THE |
| ALICIA NAPUAONALANI HUEU, | ) FIRST DEGREE |
| also known as NAPUA HUEU, | ) COUNT THREE:  ATTEMPTED |
| | ) EXTORTION IN THE FIRST |
| Defendant. | ) DEGREE |
| | ) COUNT FOUR:  RIOT |
| | ) COUNT FIVE:  OBSTRUCTING |
| | ) GOVERNMENT OPERATIONS |
| | ) COUNT SIX:  REFUSAL TO |
| | ) PROVIDE INGRESS OR EGRESS |
| | ) COUNT SEVEN: |
| | ) TELECOMMUNICATIONS SERVICE |
| | ) FRAUD IN THE SECOND DEGREE |
| | ) COUNT EIGHT:  CRIMINAL |
| | ) PROPERTY DAMAGE IN THE |
| | ) FOURTH DEGREE |
| | ) COUNT NINE:  CRIMINAL |
| | ) LITTERING |
| | ) |
| | ) FELONY INFORMATION AND |
| _____ | ) NON-FELONY COMPLAINT |

<u>FELONY INFORMATION AND NON-FELONY COMPLAINT</u>

The Department of the Prosecuting Attorney charges:

<u>COUNT ONE</u>:      20-000466-001

That during or about the period of January 1, 2020, through January 4, 2020, inclusive, in the County of Maui, State of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU, and/or MARY ANN K. PAHUKOA, and/or JESSE A. NAKOOKA, and/or ONA NAKOOKA, and/or FAITH REGINA CHASE, as principals and/or accomplices, did intentionally enter or remain unlawfully in a building, to wit, the residence of Douglas McNish and/or Gale McNish, situated at 39606 Hana Highway, Kipahulu, Maui, Hawaii, with intent to commit therein a crime against a person or against property rights and did recklessly disregard the risk that the building was the dwelling of another, and the building was such a dwelling, thereby committing the offense of Burglary in the First Degree in violation of Section 708-810(1)(c) of the Hawaii Revised Statutes.

<u>COUNT TWO</u>:      20-000466-002

That during or about the period of January 1, 2020, through January 4, 2020, inclusive, in the County of Maui, State of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU, and/or MARY ANN K. PAHUKOA, and/or JESSE A. NAKOOKA, and/or ONA NAKOOKA, and/or FAITH REGINA CHASE, as principals and/or accomplices, did intentionally obtain or exert unauthorized control over the property of Douglas McNish and/or Gale McNish, to wit, the property and/or residence at 39606 Hana Highway,

Kipahulu, Maui, Hawaii, and/or a lock and chain, the value of
which exceeded Twenty Thousand Dollars ($20,000.00), with intent
to deprive Douglas McNish and/or Gale McNish of the property,
thereby committing the offense of Theft in the First Degree in
violation of Section 708-830.5(1)(a) of the Hawaii Revised
Statutes.

COUNT THREE:   20-000466-005

          That during or about the period of November 29, 2019,
through January 4, 2020, inclusive, in the County of Maui, State
of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU,
did intentionally engage in conduct which, under the
circumstances as she believed them to be, constituted a
substantial step in a course of conduct intended to culminate
in her commission of the crime of Extortion in the First Degree,
by attempting to intentionally obtain or exert control over the
property, labor, or services of Douglas McNish and/or Gale
McNish, the value of which exceeds Two Hundred Dollars ($200.00)
in total during any twelve-month period, with intent to deprive
him and/or her of the property, labor or services, by
threatening by word or conduct to cause damage to property,
and/or commit a penal offense, and/or accuse some person of any
offense or cause a penal charge to be instituted against some
person, and/or expose a secret or publicize an asserted fact,
whether true or false, tending to subject some person to hatred,
contempt, or ridicule, or to impair the threatened person's
credit or business repute, and/or do any other act that would

not in itself substantially benefit ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU, but that is calculated to harm substantially some person with respect to the threatened person's health, safety, business, calling, career, financial condition, reputation, or personal relationships, thereby committing the offense of Attempted Extortion in the First Degree in violation of Sections 705-500(1)(b) and 707-765(1)(a) of the Hawaii Revised Statutes.

COUNT FOUR:    20-000466-004

That on or about the 4th day of January, 2020, in the County of Maui, State of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU, and/or MARY ANN K. PAHUKOA, and/or JESSE A. NAKOOKA, and/or ONA NAKOOKA, as principals and/or accomplices, did participate with five or more other persons in a course of disorderly conduct with intent to commit or facilitate the commission of a felony, to wit, Burglary in the First Degree and/or Theft in the First Degree, thereby committing the offense of Riot in violation of Section 711-1103(1)(a) of the Hawaii Revised Statutes.

COUNT FIVE:    20-000466-006

That on or about the 4th day of January, 2020, in the County of Maui, State of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU, and/or MARY ANN K. PAHUKOA, and/or JESSE A. NAKOOKA, and/or ONA NAKOOKA, as principals and/or accomplices, did, by using or threatening to use violence, force, or physical

interference or obstacle, intentionally obstruct, impair, or hinder, the enforcement of the penal law or the preservation of the peace by a law enforcement officer acting under color of their official authority, to wit, Maui Police Department Officer Ian Custer, and/or Maui Police Department Officer Asti Merino, and/or Maui Police Department Officer Codie Chong, and/or Maui Police Department Officer Tyson Baza-Triulzi, and/or Maui Police Department Officer Thomas Hifo, and/or Maui Police Department Sergeant Miguel Munoz, thereby committing the offense of Obstructing Government Operations in violation of Section 710-1010(1)(b) of the Hawaii Revised Statutes.

COUNT SIX:     20-000466-007

     That on or about the 4th day of January, 2020, in the County of Maui, State of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU, and/or MARY ANN K. PAHUKOA, and/or JESSE A. NAKOOKA, and/or ONA NAKOOKA, as principals and/or accomplices, who was obstructing ingress to and/or egress from any public or private place in such manner as not to leave a free passageway for persons and vehicles lawfully seeking to enter or leave such place, did intentionally, knowingly, or recklessly refuse or willfully fail to move as directed by a law enforcement officer so as to provide and maintain a free and unobstructed passageway for persons and vehicles lawfully going into or out of such place, thereby committing the offense of Refusal to Provide Ingress or Egress in violation of Section 852-1 of the Hawaii Revised Statutes.

COUNT SEVEN:   20-000466-003

　　　　That during or about the period of January 1, 2020,
through January 4, 2020, inclusive, in the County of Maui, State
of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU,
and/or MARY ANN K. PAHUKOA, and/or JESSE A. NAKOOKA, and/or ONA
NAKOOKA, and/or FAITH REGINA CHASE, as principals and/or
accomplices, did, with intent to defraud another of the lawful
charge for any telecommunication service that is provided for a
charge or compensation, use an access device without obtaining
the consent of the holder of the access device or the
telecommunications service provider, resulting in obtaining
services, the value of which did not exceed $300.00 in a six
month period, thereby committing the offense of
Telecommunications Service Fraud in the Second Degree in
violation of Section 708-8203 of the Hawaii Revised Statutes.

COUNT EIGHT:   20-000466-008

　　　　That during or about the period of January 1, 2020,
through January 4, 2020, inclusive, in the County of Maui, State
of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU,
and/or MARY ANN K. PAHUKOA, and/or JESSE A. NAKOOKA, and/or ONA
NAKOOKA, and/or FAITH REGINA CHASE, as principals and/or
accomplices, did, by means other than fire, intentionally or
knowingly damage the property of Douglas McNish and/or Gale
McNish without his and/or her consent, to wit, 39606 Hana
Highway, Kipahulu, Maui, Hawaii, thereby committing the offense

of Criminal Property Damage in the Fourth Degree in violation of Section 708-823(1) of the Hawaii Revised Statutes.

<u>COUNT NINE</u>:     20-000466-009

       That during or about the period of January 1, 2020, through January 4, 2020, inclusive, in the County of Maui, State of Hawaii, ALICIA NAPUAONALANI HUEU, also know as NAPUA HUEU, and/or MARY ANN K. PAHUKOA, and/or JESSE A. NAKOOKA, and/or ONA NAKOOKA, as principals and/or accomplices, did knowingly place, throw, or drop litter on public and/or private property and/or in public and/or private waters, to wit, 39606 Hana Highway, Kipahulu, Maui, Hawaii, thereby committing the offense of Criminal Littering in violation of Section 708-829 of the Hawaii Revised Statutes.

       DATED:  Wailuku, Hawaii, <u>May 18, 2020</u>.

            DONALD S. GUZMAN
            PROSECUTING ATTORNEY


            By <u>/s/ Lewis W. Littlepage</u>
              LEWIS W. LITTLEPAGE
              Deputy Prosecuting Attorney
              County of Maui

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
20-MAY-2020
03:32 PM

DEPARTMENT OF THE PROSECUTING ATTORNEY   207

LEWIS W. LITTLEPAGE   9091
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii   96793
Tel. No. 270-7688
Fax. No. 270-8001
Email:  Lewis.Littlepage@co.maui.hi.us

Attorney for the State of Hawaii

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| STATE OF HAWAII | ) CASE ID. 2CPC-20-0000237 |
| | ) COUNT ONE:  BURGLARY IN THE |
| v. | ) FIRST DEGREE |
| | ) COUNT TWO:  THEFT IN THE |
| | ) FIRST DEGREE |
| ALICIA NAPUAONALANI HUEU, | ) COUNT THREE:  ATTEMPTED |
| also known as NAPUA HUEU, | ) EXTORTION IN THE FIRST |
| | ) DEGREE |
| Defendant. | ) COUNT FOUR:  RIOT |
| | ) COUNT FIVE:  OBSTRUCTING |
| | ) GOVERNMENT OPERATIONS |
| | ) COUNT SIX:  REFUSAL TO |
| | ) PROVIDE INGRESS OR EGRESS |
| | ) COUNT SEVEN: |
| | ) TELECOMMUNICATIONS SERVICE |
| | ) FRAUD IN THE SECOND DEGREE |
| | ) COUNT EIGHT:  CRIMINAL |
| | ) PROPERTY DAMAGE IN THE |
| | ) FOURTH DEGREE |

)   COUNT NINE:  CRIMINAL
)     LITTERING
)
)   PROPOSED ORDER FOLLOWING
)   JUDICIAL REVIEW OF
)   INFORMATION AND COMPLAINT AND
)   SUPPORTING DOCUMENTS
_____ )

PROPOSED ORDER FOLLOWING JUDICIAL REVIEW OF
INFORMATION AND COMPLAINT AND SUPPORTING DOCUMENTS

DEPARTMENT OF THE PROSECUTING ATTORNEY   207

LEWIS W. LITTLEPAGE   9091
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii   96793
Tel. No. 270-7688
Fax. No. 270-8001
Email: Lewis.Littlepage@co.maui.hi.us

Attorney for the State of Hawaii

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| STATE OF HAWAII<br><br>  v.<br><br>ALICIA NAPUAONALANI HUEU,<br>also known as NAPUA HUEU,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE ID. 2CPC-20-0000237<br>COUNT ONE:  BURGLARY IN THE<br> FIRST DEGREE<br>COUNT TWO:  THEFT IN THE<br> FIRST DEGREE<br>COUNT THREE:  ATTEMPTED<br> EXTORTION IN THE FIRST<br> DEGREE<br>COUNT FOUR:  RIOT<br>COUNT FIVE:  OBSTRUCTING<br> GOVERNMENT OPERATIONS<br>COUNT SIX:  REFUSAL TO<br> PROVIDE INGRESS OR EGRESS<br>COUNT SEVEN:<br> TELECOMMUNICATIONS SERVICE<br> FRAUD IN THE SECOND DEGREE<br>COUNT EIGHT:  CRIMINAL<br> PROPERTY DAMAGE IN THE<br> FOURTH DEGREE |

)   <u>COUNT NINE</u>:   CRIMINAL
)     LITTERING
)
)   ORDER FOLLOWING JUDICIAL
)   REVIEW OF INFORMATION AND
)   COMPLAINT AND SUPPORTING
)   DOCUMENTS

ORDER FOLLOWING JUDICIAL REVIEW OF
<u>INFORMATION AND COMPLAINT AND SUPPORTING DOCUMENTS</u>

The Court having reviewed the Declaration of Detective Matthew Bigoss, the sealed exhibits attached thereto, and the Information and Complaint in the above-captioned matter, and the Court having been advised in the premises;

Now, therefore, the Court hereby finds, concludes, and IT IS HEREBY ORDERED as follows:

_____   There is <u>sufficient</u> evidence to support a finding of probable cause for the Information and Complaint filed in the above-captioned matter. A warrant for the arrest of the above-named Defendant shall issue with bail set at $40,000.00.

<u>OR</u>

_____   There is <u>insufficient</u> evidence to support a finding of probable cause for the Information and Complaint filed in the above-captioned matter. A warrant for the arrest of the above-named Defendant will not issue.

<u>OR</u>

_____   There is <u>insufficient</u> evidence to support a finding of probable cause for the Information and Complaint filed in the above-captioned matter in Count(s) _____.

There is <u>sufficient</u> evidence to support a finding
of probable cause for the Information and
Complaint filed in the above-captioned matter in
Count(s) _____.
A warrant for the arrest of the above-named
Defendant for said counts shall issue with bail
set at $_____.

DATED:  Wailuku, Hawaii, _____.


_____
Judge of the above-captioned Court

3

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII | ) | CASE ID. 2CPC-20-0000237 |
| | ) | |
| v. | ) | |
| | ) | WARRANT OF ARREST |
| ALICIA NAPUAONALANI HUEU, | ) | (INFORMATION CHARGING) |
| also known as NAPUA HUEU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>WARRANT OF ARREST (INFORMATION CHARGING)</u>

THE STATE OF HAWAII:

    TO: ANY LAW ENFORCEMENT OFFICER AUTHORIZED BY LAW TO EXECUTE WARRANTS OF ARREST IN THE STATE OF HAWAII.

    This Court having found probable cause to believe that the defendant has committed the offense(s) indicated,

    YOU ARE COMMANDED on the INFORMATION of DETECTIVE MATTHEW BIGOSS verified by oath or declaration, to arrest and bring the defendant before the Circuit Court of the Second Circuit, as soon after his/her arrest as is reasonable.

    Bail is set at $<u>40,000.00</u>.

DATED:  Wailuku, Maui, Hawaii,  _____.

_____
Judge of the above-entitled Court

**UNLESS AUTHORIZED IN WRITING THIS WARRANT MAY NOT BE EXECUTED BETWEEN 10:00 PM AND 7:00 AM ON PREMISES NOT OPEN TO THE PUBLIC.**

DEFENDANT:
    NAME:    ALICIA NAPUAONALANI HUEU,
               also known as NAPUA HUEU
    ADDRESS:  13705 Hana Highway
              Keanae, HI  96708
    SSN:  XXX-XX-9941
    DOB:  XX/XX/1987
    SEX:  Female
    OBTS/SID#:  A6072511

CHARGE(S) IN INFORMATION AND POLICE REPORT NO(S).:

| Charge | Report No. |
|---|---|
| Burglary in the First Degree(708-810(1)(c)) | 20-000466-001 |
| Theft in the First Degree (708-830.5(1)(a)) | 20-000466-002 |
| Attempted Extortion in the First Degree (705-500(1)(b) and 707-765(1)(a)) | 20-000466-005 |
| Riot (711-1103(1)(a)) | 20-000466-004 |
| Obstructing Government Operations (710-1010(1)(b)) | 20-000466-006 |
| Refusal to Provide Ingress or Egress (852-1) | 20-000466-007 |
| Telecommunications Service Fraud in the Second Degree (708-8203) | 20-000466-003 |
| Criminal Property Damage in the Fourth Degree (708-823(1)) | 20-000466-008 |
| Criminal Littering (708-829) | 20-000466-009 |

**TO THE DEFENDANT:**
        If you are released from custody by this Court Order, with or without bail, it is upon condition that you will subsequently appear in Court for all proceedings in connection with the charge(s) in this case.  FAILURE TO APPEAR MAY SUBJECT YOU TO PROSECUTION FOR BAIL JUMPING which can be a felony with a five-year term of incarceration.

In accordance with the Americans with Disabilities Act, as amended, and other applicable state and federal laws, if you require an accommodation for a disability when working with a court program, service, or activity, please contact the Second Circuit Court at PHONE NO. (808) 244-2980, FAX (808) 244-2819, TTY (808-2889) or adarequest@courts.hawaii.gov at least ten (10) working days before your proceeding, hearing or appointment date.

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII | ) | CASE ID. 2CPC-20-0000237 |
| | ) | |
| v. | ) | |
| | ) | RETURN OF SERVICE ON WARRANT |
| ALICIA NAPUAONALANI HUEU, | ) | OF ARREST (INFORMATION |
| also known as NAPUA HUEU, | ) | CHARGING) |
| | ) | |
| Defendant. | ) | |
| | ) | |

RETURN OF SERVICE ON WARRANT OF ARREST (INFORMATION CHARGING)

The undersigned certifies that a copy of the Warrant of Arrest (Information Charging), filed in the above-entitled was served on the above-named Defendant by handing him/her a copy of the Warrant on _____ at _____ a.m./p.m.

DATED: _____, Hawaii, _____.


_____
Serving Officer/ID No.


_____
Print Name Serving Officer

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
21-MAY-2020
01:36 PM

DEPARTMENT OF THE PROSECUTING ATTORNEY   207

LEWIS W. LITTLEPAGE   9091
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii   96793
Tel. No. 270-7688
Fax. No. 270-8001
Email: Lewis.Littlepage@co.maui.hi.us

Attorney for the State of Hawaii

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| STATE OF HAWAII<br><br>   v.<br><br>ALICIA NAPUAONALANI HUEU,<br>also known as NAPUA HUEU,<br><br>   Defendant. | CASE ID. 2CPC-20-0000237<br>COUNT ONE: BURGLARY IN THE FIRST DEGREE<br>COUNT TWO: THEFT IN THE FIRST DEGREE<br>COUNT THREE: ATTEMPTED EXTORTION IN THE FIRST DEGREE<br>COUNT FOUR: RIOT<br>COUNT FIVE: OBSTRUCTING GOVERNMENT OPERATIONS<br>COUNT SIX: REFUSAL TO PROVIDE INGRESS OR EGRESS<br>COUNT SEVEN: TELECOMMUNICATIONS SERVICE FRAUD IN THE SECOND DEGREE<br>COUNT EIGHT: CRIMINAL PROPERTY DAMAGE IN THE FOURTH DEGREE |

|   | )   | COUNT NINE: CRIMINAL LITTERING |
|---|-----|--------------------------------|
|   | )   |                                |
|   | )   | ORDER FOLLOWING JUDICIAL REVIEW OF INFORMATION AND COMPLAINT AND SUPPORTING DOCUMENTS |
|   | )   |                                |

ORDER FOLLOWING JUDICIAL REVIEW OF
INFORMATION AND COMPLAINT AND SUPPORTING DOCUMENTS

The Court having reviewed the Declaration of Detective Matthew Bigoss, the sealed exhibits attached thereto, and the Information and Complaint in the above-captioned matter, and the Court having been advised in the premises;

Now, therefore, the Court hereby finds, concludes, and IT IS HEREBY ORDERED as follows:

_____ There is <u>sufficient</u> evidence to support a finding of probable cause for the Information and Complaint filed in the above-captioned matter. A warrant for the arrest of the above-named Defendant shall issue with bail set at <u>$40,000.00</u>.

<u>OR</u>

_____ There is <u>insufficient</u> evidence to support a finding of probable cause for the Information and Complaint filed in the above-captioned matter. A warrant for the arrest of the above-named Defendant will not issue.

<u>OR</u>

_____ There is <u>insufficient</u> evidence to support a finding of probable cause for the Information and Complaint filed in the above-captioned matter in Count(s) _____.

2

There is <u>sufficient</u> evidence to support a finding
of probable cause for the Information and
Complaint filed in the above-captioned matter in
Count(s) _____ .
A warrant for the arrest of the above-named
Defendant for said counts shall issue with bail
set at $_____.

**MAY 2 1 2020**

DATED:  Wailuku, Hawaii, _____ .


_____
Judge of the above-captioned Court

/s/ BLAINE J. KOBAYASHI

3

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
C212005590
21-MAY-2020
01:39 PM

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII | ) | CASE ID. 2CPC-20-0000237 |
| | ) | |
| v. | ) | |
| | ) | WARRANT OF ARREST |
| ALICIA NAPUAONALANI HUEU, | ) | (INFORMATION CHARGING) |
| also known as NAPUA HUEU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

WARRANT OF ARREST (INFORMATION CHARGING)

THE STATE OF HAWAII:

TO: ANY LAW ENFORCEMENT OFFICER AUTHORIZED BY LAW TO
EXECUTE WARRANTS OF ARREST IN THE STATE OF HAWAII.

This Court having found probable cause to believe that

the defendant has committed the offense(s) indicated,

YOU ARE COMMANDED on the INFORMATION of DETECTIVE

MATTHEW BIGOSS verified by oath or declaration, to arrest and

bring the defendant before the Circuit Court of the Second

Circuit, as soon after his/her arrest as is reasonable.

Bail is set at $40,000.00.

DATED:   Wailuku, Maui, Hawaii,   _____

MAY 2 1 2020

_____
Judge of the above-entitled Court

/s/ BLAINE J. KOBAYASHI

UNLESS AUTHORIZED IN WRITING THIS WARRANT MAY NOT BE EXECUTED BETWEEN 10:00 PM AND 7:00 AM ON PREMISES NOT OPEN TO THE PUBLIC.

DEFENDANT:
    NAME:   ALICIA NAPUAONALANI HUEU,
            also known as NAPUA HUEU
    ADDRESS:   13705 Hana Highway
               Keanae, HI  96708
    SSN:   XXX-XX-9941
    DOB:   XX/XX/1987
    SEX:   Female
    OBTS/SID#:   A6072511

CHARGE(S) IN INFORMATION AND POLICE REPORT NO(S).:

| Charge | Report No. |
|---|---|
| Burglary in the First Degree (708-810(1)(c)) | 20-000466-001 |
| Theft in the First Degree (708-830.5(1)(a)) | 20-000466-002 |
| Attempted Extortion in the First Degree (705-500(1)(b) and 707-765(1)(a)) | 20-000466-005 |
| Riot (711-1103(1)(a)) | 20-000466-004 |
| Obstructing Government Operations (710-1010(1)(b)) | 20-000466-006 |
| Refusal to Provide Ingress or Egress (852-1) | 20-000466-007 |
| Telecommunications Service Fraud in the Second Degree (708-8203) | 20-000466-003 |
| Criminal Property Damage in the Fourth Degree (708-823(1)) | 20-000466-008 |
| Criminal Littering (708-829) | 20-000466-009 |

TO THE DEFENDANT:
        If you are released from custody by this Court Order, with or without bail, it is upon condition that you will subsequently appear in Court for all proceedings in connection with the charge(s) in this case.   FAILURE TO APPEAR MAY SUBJECT YOU TO PROSECUTION FOR BAIL JUMPING which can be a felony with a five-year term of incarceration.

In accordance with the Americans with Disabilities Act, as amended, and other applicable state and federal laws, if you require an accommodation for a disability when working with a court program, service, or activity, please contact the Second Circuit Court at PHONE NO. (808) 244-2980, FAX (808) 244-2819, TTY (808-2889) or adarequest@courts.hawaii.gov at least ten (10) working days before your proceeding, hearing or appointment date.

2

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII | ) | CASE ID. 2CPC-20-0000237 |
| | ) | |
| v. | ) | |
| | ) | RETURN OF SERVICE ON WARRANT |
| ALICIA NAPUAONALANI HUEU, | ) | OF ARREST (INFORMATION |
| also known as NAPUA HUEU, | ) | CHARGING) |
| | ) | |
| Defendant. | ) | |
| | ) | |

RETURN OF SERVICE ON WARRANT OF ARREST (INFORMATION CHARGING)

The undersigned certifies that a copy of the Warrant of Arrest (Information Charging), filed in the above-entitled was served on the above-named Defendant by handing him/her a copy of the Warrant on _____ at _____ a.m./p.m.

DATED: _____, Hawaii, _____.


_____
Serving Officer/ID No.


_____
Print Name Serving Officer

IN THE CIRCUIT COURT OF

THE SECOND CIRCUIT STATE OF HAWAII

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
29-JUN-2020
10:08 AM

STATE OF HAWAII )

Plaintiff. )

)    Case ID. 2CPC-20-0000237

.v. )    C212005590

)

ALICIA NAPUAONALANI HUEU, )

Also known as NAPUA HUEU, )

Accused. )

)

MOTION TO QUASH BENCH WARRANT

NOW COMES the Accused, Alicia Napuaonalani Hueu, a National of the Occupied Territory, a free and independent woman in full possession of her unalienable natural rights having surrendered nothing to the State in exchange for any privilege, Sui Juris and in Propria Persona, by limited and special appearance, maintaining her challenge to the jurisdiction of the State for crimes, offenses, and misdemeanors not cognizable to , the Common Law, and moves this Court to Quash Bench Warrant.

1. The Accused was made aware of a Warrant of Arrest (Case ID 2CPC-20-00002), pursuant to an Arrest that was made on January 4th, 2020 at 39606 Hana Highway Kipahulu, HI 96708, which the Prosecuting Attorney's Office for the State of Hawaii declined to prosecute me for the alleged charges on March 6th, 2020. Pursuant to State ID Booking No. 20-00051

2. Pursuant to State ID Booking No. 20-00051 the Accused appeared, as requested, in Hana District Court in the City of Hana, for the Second Judicial Circuit, County of Maui, Hawaii on March 6th, 2020. The Accused appeared, in good faith, in Hana District Court to address issues arising from the arrest on January 4th, 2020.

3. Pursuant to that appearance for State ID Booking No. 20-00051, the State of Hawaii Prosecuting Attorney declined to prosecute for said Arrest, which was witnessed by the Clerk of the Court of the Second Judicial Circuit, Maui County, Hawaii.

4. Between the time of March 6th, 2020 and May 21st, 2020 the Accused had not received, nor been notified of, any other appearance required of her pursuant to

RECEIVED

o.c. 2020

said Arrest, nor had any knowledge or been presented with any other document bearing any other ticket number.

5. The Accused was not notified by The Circuit Court of the Second Judicial Circuit of Maui County, Hawaii by way of a "SHOW CAUSE" for his having failed to appear for an action arising from said Arrest and referencing Pursuant to State ID Booking No. 20-00051

6. The Accused was not notified by The Circuit Court of the Second Judicial Circuit of Maui County, Hawaii by way of being filed in good faith by a law enforcement officer.

7. The Accused was not notified by The Circuit Court of the Second Judicial Circuit of Maui County, Hawaii by way of showing probable cause to search.

8. The Accused raises the concern that a Warrant for Arrest must be issued by a Neutral and Detached Magistrate, and because Judge Blaine Kobayashi is serving as Magistrate on Civil No. 2DSS-20-0000005 and Civil No. 2DSS-0000008, this is a conflict of interest and hereby disqualifies his judgement to issue a Bench Warrant for the matters relating to Case ID. 2CPC-20-0000237 as these three cases are related to the same land dispute.

9. The Accused raises concern that the Warrant of Arrest is void because the Maui Police Commission has not provided a formal reply to a Complaint filed on February 7th, 2020 about the unlawful arrest that occurred on January 4th 2020 at 39606 Hana Hwy. in Kipahulu, referencing ticket number 20-00051.

10. The Accused refuses to participate in what amounts to be a situation arising from error, chicanery, mischief, or misfeasance which would submit him to unjust jurisdiction for an offense already satisfied on March 6th 2020, and thereby be a willing participant in the violation of his own rights and possible injury.

11. As a result of the Accused's position, a BENCH WARRANT bearing Case ID. 2CPC-20-0000237 was issued for the Accused, which was contributory to issues giving rise to her arrest on January 4th, 2020, referencing State ID Booking No. 20-00051

12. The Accused asserts 18 U.S. Code § 7, Maritime and Territorial Jurisdiction of the United States defined as "special maritime and territorial jurisdiction of the United States".

13. The Accused asserts that the Plaintiffs known as the State of Hawaii / Occupying Powers use of Hawaii Revised Statutes to retain jurisdiction and prosecute me in COUNTS 1-9 are Unconstitutional and only limited to within the U.S. Territorial meets and bounds. As a National of the Occupied Territory known as the Hawaiian Islands residing specifically on the island of Maui geographically

located outside the territorial meets and bounds of the United States, the charges brought against me in Counts 1-9 under U.S. Constitutional Law Article 1 Section 8 and Article 6 Clause 2 Violates and Breaches International Treaties to which the United States is a signatory to such as the 1949 Geneva Conventions Treaty, the 1907 Hague Conventions Treaty and the 1850 Ratified 'Self-Executing' Treaty of Friendship, Commerce and Navigation with Kauikeaouli Kamehameha III, King of the Hawaiian Islands. Under U.S. Federal Law Title 18 U.S. Code Section 2441 War Crimes Act breaches and violations of the 1949 Geneva Conventions Treaty whether committed inside or outside the United States by a U.S. National or U.S. Armed servicemen shall be considered a Felony under U.S. LAW. Under Article 84 of the 1949 Geneva Third Conventions Treaty, all Prisoners of War shall be tried only by a military court unless the existing laws of the Detaining Power expressly permit the civil courts to try a member of the armed forces of the Detaining Power in respect of the particular offense alleged to have been committed by the Prisoner of War. In no circumstances shall a Prisoner of War be tried by a court of any kind which does not offer the essential guarantees of independence and impartiality as generally recognized and in particular the procedure of which does not afford the accused the rights and means of defense provided for in Article 105 of the third Geneva Convention. The STATE OF HAWAII does not Clear Title to Real Property in dispute on the island of Maui located outside the territorial meets and bounds of the United States. The title, interest and ownership to Real Property in dispute not needed by military necessities legally belongs to the heirs and successors of Kaumaia under LCA Land Commission Award 1902. Article 53 of the fourth Geneva Conventions Treaty states that any destruction by the Occupying Power of real or personal property belonging individually or collectively to private persons or to the state or to other public authorities or to social or co-operative organizations is PROHIBITED except where such destruction is rendered absolutely necessary by military operations.

14. The Accused asserts that record does not conclusively establish whether the Accused is in the State of Hawaii therefore, it is hereby ordered that the Motion to Quash Bench Warrant is granted.

15. The Accused asserts that the Warrant of Arrest bearing Case ID. 2CPC-20-0000237 is invalid for reasons stated above, and thereby affords no jurisdiction to the Circuit Court of the Second Circuit, Maui County, Hawaii.

16. Therefore, the Accused asserts that the citation, as well as all ensuing orders and warrants, are without merit, defective, and lack proper jurisdiction.

WHEREFORE, the Accused respectfully requests that this Honorable Court enter an Order quashing the Bench Warrant bearing Case ID. 2CPC-20-0000237

<u>CERTIFICATE OF SERVICE UNDER RULE 60(B)</u>

I  HERE BY DECLARE THAT I, ALICIA NAPUAONALANI HUEU
DID ON 06-26-20 SEND A TRUE AND CORRECT COPY OF THE FOREGOING
INSTRUMENT MOTION TO QUASH BENCH WARRANT BY USPS PRIORITY MAIL
DELIVERY TO THE ATTORNEYS FOR THE PLAINTIFFS STATE OF HAWAII
PROSECUTING ATTORNEY DON S. GUZMAN LOCATED AT
200 S High St. #8 Wailuku, HI 96793


IN ANY ACTIONS CIVIL OR CRIMINAL TO BE BROUGHT UNDER LAW.

ALL RIGHTS RESERVED
RESPECTFULLY,

Alicia Napuaonalani Hueu
Kingdom of the Hawaiian Islands Public Official
Po Box 81511 Haiku, HI 96708

06-26-20

# BAIL BOND
## (#1) 24HR BEST DEAL BAIL BONDS INC.
**Jessica Brown, Surety Agent**
**55 C-1 North Church St.**
**Wailuku, Hi 96793**
**(808)243-3733**
**Agency License: 301453**
**Surety Entity ID No: 407188**

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
25-AUG-2020
08:06 AM

---

### CIRCUIT, FAMILY, or DISTRICT COURT OF THE STATE OF HAWAII

**Police Report Number(s):** 20-000466          **OR**     **Case No.:** 2CPC-20-237

DEFENDANT: Alicia Hueu _____, DOB: _____, having been
admitted to bail and ordered to appear in court in the State of Hawaii.

KNOW ALL MEN BY THESE PRESENTS:

THAT THE UNDERSIGNED SURETY, OR SURETIES, AS SURETY, HEREBY UNDERTAKE THAT THE SAID DEFENDANT WILL APPEAR AND ANSWER ALL CHARGES MENTIONED IN WHATEVER COURT IT MAY BE PROSECUTED WITHIN THE STATE OF HAWAII, AND WILL AT ALL TIMES BE AMENABLE TO THE ORDERS AND PROCESS OF THE COURT, AND, WILL APPEAR FOR JUDGEMENT, AND RENDER SELF IN EXECUTION THEREOF, OR FAILING TO PERFORM EITHER OF THESE CONDITIONS WILL PAY TO THE STATE OF HAWAII, AS PROVIDED IN SECTIONS 804-51, HAWAII REVISED STATUTES

THE SUM OF: Forty thousand dollars _____ dollars ($ 40,000.00 ).

BOND VALID ONLY FOR THOSE CHARGES LISTED UNDER THE ABOVE REPORT AND OR CRIMINAL NUMBERS AS OF THE DATE STATED HEREIN. BOND IS CANCELLED AND SURETY EXONERATED UPON SENTENCING, DAG PLEA OR DISMISSAL.

**Declaration**
By signing and attaching seal to this document, above named agent declares; in accordance with Rule 46 of the Hawaii Rules of Court; that the agent is currently licensed and in good standing with the Insurance Commissioner of the State of Hawaii, currently appointed by the above identified agency, and Bankers Insurance Co. #408177, to actively conduct business as a Surety Producer, contract for compensation, to provide bail by form of bond, for criminal recognizance under the authority of the Insurance Agency, and by Power of Attorney from named Insurer. Furthermore; Declarant affirms that they have read, understood, and are currently in compliance with all applicable Laws from Chapters 431 and 804 of the Hawaii Revised Statues.

DATED THIS 21 DAY OF August 2020

BY: Jessica Brown                    (SEAL)
Jessica Brown, Surety Agent Lic No. 427324

To independently verify current status of any above listed parties, please contact the Department of Insurance, or independently verify online at http://insurance.ehawaii.gov/ils/app.

**BAIL ONLY**
**POWER AMOUNT**
**$55000.00**

# BANKERS INSURANCE COMPANY
P.O. Box 33015 • St. Petersburg, Florida 33733 • 877-778-5245
POWER OF ATTORNEY

**555239190-4**

Bailassist@BankersFinancialCorp.com

KNOW ALL MEN BY THESE PRESENTS: that Bankers Insurance Company, a corporation duly organized and existing under the laws of the State of Florida, has made pursuant to Article IV, Section 11 of the By-Laws, which was adopted by the Directors of the said company, and is now in effect, does constitute and appoint, and by these presents does make, constitute and appoint below named agent its true and lawful Attorney-In-Fact for it and in its name, place and stead, to execute, seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only. Authority of such Attorney-In-Fact is limited to appearance bonds. **This power must be filed with the court as a permanent court record to obligate the surety, for court appearances only, of the named Defendant. This power shall not obligate the surety for the Defendant's future lawful conduct, court imposed conditions, restrictions, or fines costs, restitution or any other circumstances not specifically related to court appearances.**

**This Power of Attorney is for use with Bail Bonds for State, County and Municipal Courts only. Not valid in Federal Court nor if used in connection with Federal Immigration Bonds. This power shall be void if its original format has been altered, if it exceeds the maximum amount listed, is used with other powers of this or any other surety company to cover one bond amount, or is used by an individual who is not authorized to execute surety bonds on behalf of Bankers Insurance Company.**

THE OBLIGATION OF THE COMPANY SHALL NOT EXCEED THE SUM OF THIS STATED FACE AMOUNT, AND PROVIDED THIS Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, BANKERS INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this _21_ day of _August_, _2020_

Bond Amount $ _40,000.00_ Appearance Date _____ Premium $ _____

Defendant _Alicia Hueu_

S.S.# _____ D.O.B. _____

Case # _2CPC-20-237_

Court _Circuit_

City _Wailuku_ State _HI_

Offense _burg I: theft I: extortion I: riot_
_obstruct gov op: refusal ingress/egress: telecom fraud II_
_and IV: littering_

If Rewrite, Original # _____

Executing Agent _Jessica Brown_

**BANKERS INSURANCE COMPANY**

SEAL

_ROBERT G. MENKE, President_

VOID IF NOT USED BY   DECEMBER 31, 2020

IT IS UNLAWFUL TO PRINT THIS FORM WITHOUT WRITTEN CONSENT OF HOME OFFICE

# ORIGINAL

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
26-AUG-2020
03:48 PM

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII | ) | CASE ID. 2CPC-20-0000237 |
| | ) | |
| v. | ) | |
| | ) | RETURN OF SERVICE ON WARRANT |
| ALICIA NAPUAONALANI HUEU, | ) | OF ARREST (INFORMATION |
| also known as NAPUA HUEU, | ) | CHARGING) |
| | ) | |
| Defendant. | ) | |
| | ) | |

RETURN OF SERVICE ON WARRANT OF ARREST (INFORMATION CHARGING)

The undersigned certifies that a copy of the Warrant of
Arrest (Information Charging), filed in the above-entitled was
served on the above-named Defendant by handing him/her a copy of
the Warrant on ___8/21/20___ at ___0930___ (a.m.)/p.m.
DATED: ___8/21/20___, Hawaii, ___WAILUKU___.

_____ 5339
Serving Officer/ID No.

___CHAD V- ROMERO___
Print Name Serving Officer

OFFICE OF THE PUBLIC DEFENDER
JOHN M. TONAKI 3915 *James S. Tabe 5866*
PUBLIC DEFENDER
BY:   *Jeffrey Wolfenbarger 10082*
      DEPUTY PUBLIC DEFENDER
81 NORTH MARKET STREET
WAILUKU, HAWAIʻI 96793
TELEPHONE: (808) 984-5018
FACSIMILE: (808) 984-5022

**Electronically Filed**
**SECOND CIRCUIT**
2CPC-20-0000237
10-SEP-2020
12:08 PM

ATTORNEYS FOR THE DEFENDANT

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT
STATE OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI,<br><br>                    Plaintiff,<br><br>    vs.<br><br>*Alicia Hueu*                    ,<br><br>                    Defendant. | Case No.  *2CPC-20-237(2)*<br><br>ORDER GRANTING MOTION TO WITHDRAW AND SUBSTITUTE COUNSEL<br><br>JUDGE:  Honorable Richard T. Bissen, Jr.<br><br>HEARING DATE:  *9/10/2020*<br>HEARING TIME:  *8AM* |

### ORDER GRANTING MOTION TO WITHDRAW AND SUBSTITUTE COUNSEL

The above entitled matter came before the Presiding Judge identified above on the date and time indicated for a motion to withdraw.

Deputy Prosecuting Attorney *Michael Kagami* appeared for the State of Hawaiʻi.

Deputy Public Defender *Jeffrey Wolfenbarger* appeared with the Defendant; and good cause having been shown to grant said motion as follows:

☒ The Office of the Public Defender represents *a co-Defendant* ~~or has represented complaining witness~~:

*Jesse Nakaoka*              ;

☐ The Office of the Public Defender represents or has represented a key witness:

                              ;

☐ The Office of the Public Defender has a previous conflict with Defendant;

☐ Defendant has or had a conflict with The Office of the Public Defender;

☒ *Hawaiian Sovereignty*                         .

IT IS HEREBY ORDERED that The Office of the Public Defender be allowed to withdraw

as counsel and that substitute counsel be appointed.  IT IS FURTHER ORDERED that the

following attorney be appointed as substitute counsel: ~~Gary Virtue~~  CLARENCE VIRTUE

DATED:  Wailuku, Maui, Hawaiʻi, _____

SEAL
CIRCUIT COURT SECOND CIRCUIT STATE OF HAWAII

HONORABLE JUDGE PRESIDING
JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:
[X] signature waived

☐ _____
DEPUTY PROSECUTING ATTORNEY

1

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
15-SEP-2020
08:50 AM

IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| STATE OF HAWAII | ) | 2CPC-20-237(2) |
| | ) | |
| vs. | ) | ORDER PERTAINING TO BAIL |
| | ) | |
| ALICIA NAPUAONALANI HUEU, | ) | (MPD #20-000466) |
| aka NAPUA HUEU | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER PERTAINING TO BAIL**

The above-named Defendant, having been charged in this court of the following offense(s):

Count One: Burglary in the First Degree
Count Two: Theft in the First Degree
Count Three: Attempted Extortion in the First Degree
Count Four: Riot
Count Five: Obstructing Government Operations
Count Six: Refusal to Provide Ingress and Egress
Count Seven: Telecommunications Service Fraud in the Second Degree
Count Eight: Criminal Property Damage in the Fourth Degree
Count Nine: Criminal LIttering

IT IS HEREBY ORDERED that if defendant is released on bail, recognizance, supervised release or conditional release, he/she must comply with the following conditions: [804-7.4]

1.      Defendant shall not commit a federal, state or local offense during the period of release.

2.   Defendant shall appear for all court hearings unless notified by his/her attorney that his/her presence is not required.

3.   Defendant shall remain in the State of Hawaii unless approval is obtained from a court of competent jurisdiction to leave the jurisdiction of the court.

IT IS FURTHER ORDERED that:

☐   bail in this case be set aside and defendant is released on his/her own recognizance.

☐   bail in this case be set aside and defendant is placed on supervised release.

☒   that bail in this case is
    ☒   fixed in the amount of $40,000.00.
    ☐   increased to
    ☐   reduced to

☐   that defendant is held without bail.

☐   that upon review, bail in this case shall remain the same at

☒   that defendant must not own, use or possess firearms or ammunition therefor. [134-7]

☒   that defendant must return to Court on October 26, 2020 at 8:30 a.m.

☒   OTHER: Other provisions of bail shall be effective as follows:

Defendant ordered to not make or attempt to make contact with Douglas and Gale McNish, directly or indirectly, and to stay away from 39606 Hana Highway in Kipahulu.


    DEFENDANT: If you are released from custody by this Court Order, with or without bail, it is upon condition that you will subsequently appear in Court for all proceedings in connection with the charge(s) in this case. FAILURE TO APPEAR MAY SUBJECT YOU TO PROSECUTION FOR BAIL JUMPING, which can be a felony with a five-year term of incarceration.

WITNESS the Honorable PETER T. CAHILL

DATED: Wailuku, Maui, Hawaii, September 15, 2020.

                    /s/ Susan Gushiken (seal)
                    Clerk, Second Circuit Court

 If you need an accommodation for a disability when participating in a court program, services or activity, please contact the ADA Coordinator as soon as possible to allow the court time to provide an accommodation.   Call (808) 244-2855, FAX (808)244-2932, OR send an email to adarequest@courts.hawaii.gov.  The court will try to provide, but cannot guarantee, you requested auxiliary aid, service or accommodation.

# CARY VIRTUE

**Attorney at Law, HSBA #8717**

1931 E. Vineyard St., Suite 201
Wailuku, Hi. 96793

Tel.: (808) 244-7640
E-mail: carymvirtue@msn.com

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
16-SEP-2020
02:13 PM

## REQUEST FOR DISCOVERY

Second Circuit CourtCourt
Deputy Prosecuting Attorney.
County of Maui

Sept. 16, 2020

ALICIA NAPUAONALANI HUEU
2CPC-20-237

To Whom It May Concern,

Pursuant to rule 16(b) and (e), Hawaiʻi rules of Penal Procedure (HRPP) I am requesting as attorney of record all of the following materials and information related to defendant's case:

1. The names and last known addresses of persons whom the prosecutor intends to call as witnesses together with their written or recorded statements;
2. Any written or recorded statements and the substance of any oral statements made by defendant, together with the names and last known addresses of persons who witnessed the making of such statements; as well as any information or reports concerning pending charges and investigations involving the defendant.
3. Any statements, oral or written, by a co-defendant or correspondents;
4. Any police reports, investigative reports, accident reports, complete SANE exams; Body Cams, all reports, and/or criminalist reports related to defendant's case;
5. Any reports or statements of experts, including the results of their physical or mental examinations, and all police or crime lab reports and test reports;
6. Any books, papers, documents, photographs, or tangible objects which you intend to introduce or which were obtained from or which belong to defendant or any co-defendants;
7. Any prior criminal record of defendant, and the prior criminal record of any codefendants and all witnesses for the state.
8. Photographs, videos, Body Cams, Text Messages, diagrams, lineups, roadblock material connected to defendant's case;
9. For DUI/OUI related cases, intoxilyzer maintenance logs, checklist, operator cards, blood test reports, chain of custody logs, applicable roadblock reports and authorization documents;
10. Any consent, waiver, or other forms signed by defendant or other parties related to the case;
11. Those discoverable materials not within the possession or control of the prosecutor and which are in the possession or control of other governmental personnel;
12. Written notice of any evidence intended for use at trial under HRE rule 404(b).

Please have all discovery materials ready for copying within seven days.  Upon request, copies of the discovery will be provided to defendant within ten days pursuant to HRPP 16(e)(3).

Sincerely,

Cary Virtue,
Attorney #8717

Electronically Filed
SECOND CIRCUIT
2CPC-20-0000237
22-SEP-2020
09:37 AM

DEPARTMENT OF THE PROSECUTING ATTORNEY  207

MICHAEL S. KAGAMI  5317
Deputy Prosecuting Attorney
County of Maui
Wailuku, Maui, Hawaii  96793
Tel. No. 270-7630
Fax. No. 270-7927
Email: Michael.Kagami@co.maui.hi.us

Attorney for the State of Hawaii


IN THE CIRCUIT COURT OF THE SECOND CIRCUIT

STATE OF HAWAII


| | | |
|---|---|---|
| STATE OF HAWAII | ) | CASE ID. 2CPC-20-237(2) |
| | ) | COUNT ONE:  BURGLARY IN THE |
| v. | ) | FIRST DEGREE |
| | ) | COUNT TWO:  THEFT IN THE |
| ALICIA NAPUAONALANI HUEU, | ) | FIRST DEGREE |
| also known as NAPUA HUEU, | ) | COUNT THREE:  ATTEMPTED |
| | ) | EXTORTION IN THE FIRST |
| Defendant. | ) | DEGREE |
| | ) | COUNT FOUR:  RIOT |
| | ) | COUNT FIVE:  OBSTRUCTING |
| | ) | GOVERNMENT OPERATIONS |
| | ) | COUNT SIX:  REFUSAL TO |
| | ) | PROVIDE INGRESS OR EGRESS |
| | ) | COUNT SEVEN: |
| | ) | TELECOMMUNICATIONS SERVICE |
| | ) | FRAUD IN THE SECOND DEGREE |
| | ) | COUNT EIGHT:  CRIMINAL |
| | ) | PROPERTY DAMAGE IN THE |
| | ) | FOURTH DEGREE |

```
                              )   COUNT NINE:  CRIMINAL
                              )     LITTERING
                              )
                              )   WRITTEN REQUEST FOR DISCLOSURE;
_____ )   CERTIFICATE OF SERVICE
```

## WRITTEN REQUEST FOR DISCLOSURE

TO:  Cary Virtue, ESQ.
     1931 E. Vineyard Street
     Wailuku, HI 96793
       Attorney for Defendant


          Pursuant to Rules 12.1 and 16 of the Hawaii Rules of

Penal Procedure, the State of Hawaii, through the undersigned

Deputy Prosecuting Attorney for the County of Maui, State of

Hawaii, requests disclosure of the following material and

information within the Defendant's and/or defense counsel's

possession or control, or which may hereafter become available:

          1.   The names and last known addresses of persons whom

the Defendant intends to call as witnesses, together with their

written or recorded statements;

          2.   Any reports or statements of experts, including

the results of physical or mental examinations and of scientific

tests, experiments or comparisons, that the Defendant intends to

introduce as evidence at trial, or which were prepared by a

defense witness whom the Defendant intends to call to testify at

trial;

          3.   Any books, papers, documents, photographs, or

tangible objects that the Defendant intends to introduce as

evidence at trial;

    4.   The nature of any defense that the Defendant intends to use at trial; and

    5.   The intention, if any, of the Defendant, to rely upon a defense of alibi as governed by Rule 12.1.

You are further requested to send the above-mentioned material or information to the undersigned Deputy Prosecuting Attorney as soon as possible.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Written Request for Disclosure was duly served upon Cary Virte, ESQ., Attorney for Defendant, by use of the Judiciary Electronic Filing and Service System on September 22, 2020.

            /s/ Michael S. Kagami
            MICHAEL S. KAGAMI
            Deputy Prosecuting Attorney
            County of Maui