IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALICIA NAPUAONALANI HUEU, | ) | CIV. NO. 20-00514 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO: |
| vs. | ) | (1) DENY PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN |
| STATE OF HAWAI'I, | ) | DISTRICT COURT WITHOUT |
| | ) | PREPAYING FEES OR COSTS; |
| Defendant. | ) | (2) DISMISS THIS ACTION |
| | ) | SUMMARILY; (3) REMAND TO |
| | ) | THE CIRCUIT COURT OF THE |
| | ) | SECOND CIRCUIT, STATE OF |
| | ) | HAWAI'I; and (4) DIRECT THE |
| | ) | CLERK TO TERMINATE THIS |
| | ) | ACTION |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO: (1) DENY
PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYING FEES OR COSTS; (2) DISMISS THIS ACTION
SUMMARILY; (3) REMAND TO THE CIRCUIT COURT OF
THE SECOND CIRCUIT, STATE OF HAWAI'I; AND
(4) DIRECT THE CLERK TO TERMINATE THIS ACTION

## I. INTRODUCTION

On November 25, 2020, Alicia Napuaonalani Hueu ("Hueu"), proceeding

*pro se*, removed a pending state court criminal prosecution from the Circuit Court

of the Second Circuit, State of Hawai'i ("State Action"), pursuant to 28 U.S.C.

§§ 1331 & 1455 ("Notice of Removal"). ECF No. 1. On December 10, 2020,

Hueu filed an Application to Proceed in District Court Without Prepaying Fees or

Costs ("IFP Application"). ECF No. 4. For the reasons set forth below, the Court FINDS and RECOMMENDS that the district court: (1) DENY Hueu's IFP Application; (2) DISMISS this action summarily; (3) REMAND to the Circuit Court of the Second Circuit, State of Hawai'i; and (4) DIRECT the Clerk to terminate this action.

## II.  BACKGROUND

On May 20, 2020, the Department of the Prosecuting Attorney for the County of Maui charged Hueu with the following counts in a Felony Complaint and Non-Felony Complaint: Burglary in the First Degree; Theft in the First Degree; Attempted Extortion in the First Degree; Riot; Obstructing Government Operations; Refusal to Provide Ingress or Egress; Telecommunications Service Fraud in the Second Degree; Criminal Property Damage in the Fourth Degree and Criminal Littering. *See* ECF No. 1-1 at 2-8. Hueu alleges that removal is proper pursuant to 28 U.S.C. §§ 1331 and 1455 because federal statutes, laws, and treaties are implicated and Hueu is a Hawaiian (foreign) national, not a United States citizen. ECF No. 1 at 5.

## III.  IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in

support of an [*in forma pauperis*] application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state facts as to affiant's poverty with some particularity, definiteness and certainty.").

According to the IFP Application, Hueu is unemployed and receives $263 a week in unemployment benefits, and has $143 in a checking or savings account. ECF No. 4 at 1. Hueu indicates that she pays $400 a month in rent, has $244 in debt, and has one minor dependent. *Id*. at 2. Based on the information in the IFP Application, the Court finds that Hueu has demonstrated that she is unable to pay court costs at this time.

Notwithstanding Hueu's ability to demonstrate indigency, the "Ninth Circuit has indicated that leave to proceed [*in forma pauperis* ("IFP")] pursuant to 28 U.S.C. § 1915(a) is properly granted only when the plaintiff has demonstrated poverty *and* has presented a claim that is not factually or legally frivolous within the definition of [28 U.S.C.] § 1915(e)(2)(B)." *Venoya v. Remmert*, No. C 07-80117 MCW, 2007 WL 1655628, at *1 (N.D. Cal. June 7, 2007) (emphasis in original) (citing *O'Loughlin v. Do*e, 920 F.2d 614, 616 (9th Cir. 1990); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). "A district court

may deny leave to proceed [IFP] at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati*, 821 F.2d at 1370.  "An [IFP] complaint is frivolous if it has 'no arguable basis in fact or law.'" *Venoya* 2007 WL 1655628, at *1 (quoting *O'Loughlin*, 920 F.2d at 617; *Tripati*, 821 F.2d at 1379; *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984)); *see also* § 1915(e)(2)(B) (providing that for the purposes of permitting an action to proceed without prepaying fees, the court must dismiss the case at any time if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Hueu seeks to proceed IFP to remove the State Action to this district court based on her representation that she is a "foreign national, subject and or citizen not belonging to the United States[.]" ECF No. 1 at 7.  The Court disagrees.

## IV.  Federal Jurisdiction

This is not the first occasion Hueu has attempted to remove a State of Hawaiʻi criminal prosecution to this Court.  The district court issued an order on December 3, 2020, regarding the Notice of Removal Hueu filed on November 30, 2020.  *See Hueu v. State of Hawaiʻi*, 1:20-cv-00520-JMS-KJM, Order Remanding Case (December 3, 2020), ECF No. 4.  The district court explained in its December 3, 2020 Order Remanding Case ("December 3, 2020 Order") that this federal court

does not have jurisdiction over state criminal prosecutions except in limited circumstances, none of which Hueu was able to demonstrate in her November 30, 2020 Notice of Removal. The instant Notice of Removal fails for the same reasons discussed in the December 3, 2020 Order.

The Court recognizes that Hueu filed the instant November 25, 2020 Notice of Removal before the district court issued its December 3, 2020 Order. Hueu may thus have been unaware of the reasons why she failed to establish a valid basis for removal. The Court repeats for Hueu the reasons why this Court lacks jurisdiction over the state criminal prosecutions she seeks to remove.

A.    Removal

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must examine its own subject matter jurisdiction and may remand a case summarily if there is an obvious jurisdictional issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (internal citations omitted).

Further, removal statutes are "strictly construed" and "a defendant seeking removal has the burden to establish that removal is proper and any doubt is

resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  The Court concludes that removal was improper and Hueu lacks a sufficient legal basis to remove the State Action.

B.     Federal Question Jurisdiction

As an initial matter, the Court notes that Hueu seeks removal pursuant to 28 U.S.C. § 1331.  ECF No. 1 at 3.  Section 1331 confers federal question jurisdiction and provides:  "The district courts shall have original jurisdiction of all *civil* actions arising under the Constitution, laws, or treaties of the United States." (Emphasis added).  Section 1331 applies only to civil actions.  Accordingly, Section 1331 may not be used as grounds for removal of a state criminal prosecution.

C.     Removing State Criminal Prosecutions

A state criminal prosecution may be removed to federal court only under the narrow circumstances set forth in 28 U.S.C. §§ 1442-43, and pursuant to the procedures for removal set forth in 28 U.S.C. § 1455.  *See City of Seattle v. Manuel*, No. C13-0585-JLR-MA, 2013 WL 1898244, at *1 (W.D. Wash. Apr. 5, 2013), *report and recommendation adopted*, No. C13-0585-JLR, 2013 WL 1898243 (W.D. Wash. May 4, 2013) ("Only 28 U.S.C. §§ 1442 ("'Federal officers or agencies sued or prosecuted'"), 1442a ('Members of armed forces sued or

prosecuted'), and 1443 ('Civil rights cases') provide for removal of state criminal cases to federal court.").

Section 1442 applies to the prosecution of federal officers for acts done in furtherance of their official duties, and § 1442a applies to the prosecution of members of the armed forces.  Hueu does not allege that she is a federal officer or a member of the armed forces; thus, neither provision applies here.

Next, pursuant to § 1443, a criminal prosecution commenced in a state court may be removed by a defendant:  (1) "who is denied or cannot enforce in the court of such States a right under any law providing for the civil rights of citizens of the United States, or of all persons within the jurisdiction thereof," 28 U.S.C. § 1443(1); or (2) "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."  § 1443(2).

The United States Supreme Court has interpreted 28 U.S.C. § 1443(1) as limited to a state court's inability or unwillingness to enforce a law "providing for specific civil rights stated in terms of *racial* equality."  *Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (emphasis added).  A removing defendant must satisfy a two-part test to rely on § 1443(1).

First, the defendant "must assert, as a defense to the prosecution, rights that are given to [her] by explicit statutory enactment protecting equal racial civil

rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation and quotation marks omitted). Second, the defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* (citation and quotation marks omitted).

The Supreme Court has also clarified that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Here, Hueu does not allege a defense to her state criminal prosecution arising from any statutory enactment protecting racial civil rights. Nor does she allege that any "state law . . . prohibits [her] from enforcing [her] civil rights in state court" or identify any authority suggesting that the Hawaii state court is unwilling or unable to enforce Hueu's civil rights in the state criminal proceedings. *Patel*, 446 F.3d at 999. Further, Hueu does not allege that she is a federal officer or agent or that she is authorized to act as such. Thus, neither subsection of § 1443 applies to Hueu's state criminal prosecution.

The Court also notes that Hueu's Notice of Removal did not assert §§ 1442-1443 as grounds for removal. Thus, even if she could remedy the defects discussed above, by failing to assert them in her Notice of Removal, she has

waived those grounds for removal. *See* 28 U.S.C. § 1455(b)(2) (providing that a notice of removal must contain "all grounds for such removal," that the "failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds," and that a "second notice may be filed only on grounds not existing at the time of the original notice").

In sum, Hueu failed to establish a valid basis for removal.

## V.  SANCTIONS

Federal Rule of Civil Procedure 11 compels parties to certify that any pleading, written motion, or other paper ("Court Filings") presented to the Court is presented for a proper purpose, is legally defensible, has evidentiary support, and is based on a reasonable belief:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Federal Rule of Civil Procedure 11(c) permits a court, "after notice and a reasonable opportunity to respond," to impose an appropriate sanction if the court determines that a party has violated Rule 11(b).

As discussed above, the Court recognizes that Hueu filed the instant Notice of Removal before the benefit of the district court's December 3, 2020 Order. This Findings and Recommendation, along with the December 3, 2020 Order, provide Hueu sufficient notice that her attempts to remove state criminal prosecutions are improper on the bases she presents in this action and the previous action, *Hueu v. State of Hawai'i*, 1:20-cv-00520-JMS-KJM. The Court cautions Hueu that it may consider imposing sanctions if she continues to file notices of removal, seeking to remove criminal prosecutions based on Hueu's allegation that she is a Hawaiian foreign national, and not a United States citizen. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that a court cannot, "decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding pro se" and that the eschewing of such a sanction "would effectively place all unrepresented parties beyond the reach of Rule 11."); *United States v. Thompson*, No. CIV S 03-1532, 2003 WL 23112782, at *3 (E.D. Cal. Nov. 18, 2003) ("Where the court finds that a party violated Rule 11(b), it may, in its

discretion impose sanctions sufficient to deter a repeated violation by defendant or others similarly situated.") (citing Fed. R. Civ. P. 11(c)).

## VI.  CONCLUSION

Based on the foregoing, the Court FINDS that this district court lacks subject matter jurisdiction over this action and thus, RECOMMENDS that the district court (1) DENY plaintiff's application to proceed in district court without prepaying fees or costs; (2) DISMISS this action summarily;  (3) REMAND to the Second Circuit, State of Hawai'i; and (4) DIRECT the Clerk to terminate this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 8, 2021.

Kenneth J. Mansfield
United States Magistrate Judge

CV20-00514 LEK-KJM; *Hueu v. State of Hawaiʻi*; FINDINGS AND RECOMMENDATION TO: (1) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISS THIS ACTION SUMMARILY; (3) REMAND TO THE CIRCUIT COURT OF THE SECOND CIRCUIT, STATE OF HAWAIʻI; and (4) DIRECT THE CLERK TO TERMINATE THIS ACTION